**THE WEISS LAW GROUP, LLC**
Brett Weiss, #A404420
8843 Greenbelt Road, Box 299
Greenbelt, Maryland 20770
301-924-4400 Phone
240-627-4186 Fax
lawyer@brettweiss.com

*Attorney for Debtor and Debtor in Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| In re:<br><br>**GA VIEWS MANAGEMENT, LLC,**<br><br>   *Debtor.* | Case No. 24-00339 ELG<br><br>Chapter 11 |
|---|---|

### MOTION TO DISMISS

**NOW COME** GA Views Management, LLC, Debtor and Debtor-in-Possession, by counsel The Weiss Law Group, LLC, and Brett Weiss, moves this Court to dismiss the within case so that a new case may be filed, and states:

*Jurisdiction and Venue*

1.     This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011) and *Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665, 135 S. Ct. 1932 (2015), and pursuant to Rule 7008(a), Debtor consents to this Court's entry of a final judgment.

2. The statutory and legal predicates for the relief requested herein are sections 105(a) and 1112 of the Bankruptcy Code.

*Parties*

3. GA Views Management, LLC ("GA Views" or the "Debtor") is the debtor and debtor-in-possession herein.

4. Kristen Eustis is the United States Trustee trial attorney in this case.

5. PV Georgia Views, LLC ("PV") is a secured creditor holding a first lien on property of GA Views.

6. William C. Johnson, Jr. and his firm, The Johnson Law Group, LLC (collectively, "Mr. Johnson") was GA Views prior counsel in this matter.

*Background*

7. On the Petition Date, October 9, 2024, GA Views filed a voluntary case under the Single Asset Real Estate (SARE) provisions of Chapter 11 of the Bankruptcy Code. No unsecured creditors' committee, trustee, or examiner has been appointed. Prior counsel, Mr. Johnson, was approved to represent the Debtor/Debtor-in-Possession as counsel in this case. On December 23, 2024, at Docket No, 39, a Notice withdrawing the appearance of Mr. Johnson and substituting the appearance of above-stated counsel ("Counsel"), was filed with the Court. Counsel's Application to Employ, filed at Docket No. 40, was approved by the Court on January 14, 2025, at Docket No. 56.

8. The primary creditor in this case is PV, which holds a lien on the improved real property owned by GA Views and known as 3557-3559 Georgia Avenue, N.W., Washington, DC 20010 (the "Property"). Mr. Johnson and counsel for PV had agreed to a First Interim Cash Collateral Order (the "CC Order"), filed on November 14, 2024, at Docket No. 23. As discussed at prior hearings in this case, GA Views was not informed by prior counsel of the nature of the cash collateral order, the terms of the cash collateral budget, the requirements for compliance with that budget (other than "don't go on vacation"), the reporting requirements under the CC Order, and the penalties for non-compliance with the budget, the reporting, or all terms of the CC Order (including the termination of the automatic stay).

Case 24-00339-ELG    Doc 80    Filed 02/19/25    Entered 02/19/25 14:58:23    Desc Main
Document      Page 3 of 7

9. As would be expected with the Debtor's lack of knowledge, the CC Order went into default almost immediately, and on November 25, 2024, 11 days after it had been entered, PV sent a Notice of Default under the CC Order (the "Notice") to Mr. Johnson giving the Debtor an opportunity to cure the defaults. The requested compliance was not forthcoming, no response was filed to the Notice, and, on December 2, 2024, the CC Order provided that the stay was terminated as to PV.

10. PV filed for a Comfort Order finding that the stay had been terminated on December 4, 2024, at Docket No. 30. After several hearings were held and continued, the Court entered the Comfort Order on February 13, 2025, at Docket No. 79.

11. Present counsel entered his appearance on December 23, 2024, at Docket No. 39, and attempted to remedy the significant and serious problems in the case as it then existed. Amended Schedules were filed adding numerous creditors, both secured and unsecured (Docket No. 43), and correcting errors in Schedule A/B (Docket No. 55). A Disclosure Statement (Docket No. 45) and Plan (Docket No. 46) were filed. Monthly Operating Reports were amended (Docket Nos. 63 and 64) and filed (Docket No. 72). The missing, incomplete, and erroneous documents required under the CC Order were prepared and provided to Counsel for PV. A detailed response to the Amended Motion for Relief from the Automatic Stay was prepared and filed (Docket No. 73). Counsel appeared at several hearings on PV's Motion for a Comfort Order and Motion for Relief from the Automatic Stay. Counsel spent extensive time with the Debtor prior to the entry of the Second Interim Cash Collateral Order discussing its budget, profit and loss statement, MORs, cash-flow, and other financial matters, as well as what cash collateral is, its importance under the Code, the preparation of the second cash collateral budget (filed at Docket No. 71) which is materially different from the first cash collateral budget (filed at Docket No. 23), and its obligations under a cash collateral order.

12. However, as noted and despite the actions stated in the previous paragraph, the Court confirmed that the stay was terminated pursuant to the relevant provisions in the CC Order on February 13, 2025, at Docket No. 79.

THE WEISS LAW
GROUP, LLC
8843 GREENBELT RD. #299
GREENBELT, MD 20770
(301) 924–4400

– 3 –

13. Since that date, PV has scheduled a foreclosure auction on the Property for March 20, 2025. A copy of the Foreclosure Notice is attached hereto as Exhibit #1.

14. GA Views believes that it can, with the opportunity to proceed properly from the beginning of a new Chapter 11 case with Counsel, to reorganize, either through the sale or through the refinance of the Property. To accomplish this goal, however, the within case must first be dismissed.

## *Relief Requested*

15. By this Motion, and to preserve and maximize the value of the Property and distributions to creditors, the Debtor seeks to dismiss the within case so that it may file a new Chapter 11 case to provide it with time to either sell the Property or refinance PV's loan thereon.

## *Basis for Relief*

I. DISMISSAL OF THE WITHIN CASE IS IN THE BEST INTERESTS OF THE DEBTOR AND OF THE CREDITORS

16. Under the Code, there are three ways to end a Chapter 11 case: confirmation of a reorganization plan, conversion to a Chapter 7 liquidation, or dismissal. 11 U.S.C. § 1112. The Code contemplates that dismissal will return the parties to their pre-bankruptcy positions, except to the extent the Bankruptcy Court orders otherwise.

11 U.S.C. § 1112(b)(1) states in pertinent part:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate.

The circumstances referenced in § 1112(b)(2) are not present. The Debtor is not a farmer, or a corporation that is not a moneyed, business, or commercial corporation, rendering § 1112(c) inapplicable.

Dismissal is in the best interests of the creditors and the estate because it offers the best opportunity to pay both PV and General Unsecured Claims by obtaining the highest

sale price for the Property, if the Property is sold, resulting in both the payment in full of PV and some distribution to the non-insider unsecured creditors. If a refinance can be obtained, it would also result in the payment in full of PV and a distribution to the non-insider unsecured creditors from the continued operations of the Debtor.

The Debtor has, subject to Court approval, retained an experienced commercial broker to sell the Property. Sale of the Property during a new case would be concurrent with attempts to refinance PV's debt.

II. THE PARTICULAR CIRCUMSTANCES OF THIS CASE WARRANT DISMISSAL AND REFILING.

The Court contemplated the dismissal of this case and implied a subsequent refiling would be forthcoming in its ruling on the Comfort Order: "I fully anticipate when I enter the order confirming that the stay has lapsed that I'm going to see a motion to dismiss."[1] Similar comments, including a reference to a possible refiling, were made at a prior hearing as well. The Court noted that it believed that a reorganization might be possible: "That's not to say I don't think there can be a reorganization of this debtor. Unfortunately, I don't know if it can be in case number 24-339, because there's so much in this case that has been established that hasn't been complied with…"

While the grant of a dismissal on the request of the Debtor followed by an immediate refiling would be somewhat unusual, the particular circumstances of this case are also somewhat unusual. The Court stated on the record that the Debtor's current circumstances and the termination of the stay are directly caused by, and related to, prior counsel's improper actions following filing.

As the Court noted, "[T]here's so much in this case that has been established that hasn't been complied with…" The Court said, in rather extraordinary comments:

> But as I said, I don't think that means there's never, there couldn't be a reorganization. I think Mr. Johnson, I will make this finding on the record

---

[1] Quote by the Hon. Elizabeth Gunn at the hearing in this matter held on February 5, 2025, audio file at Docket No. 78. Counsel was unable to obtain a timely transcript of the hearing through a Court reporter, but used an online transcription automated service. Having personally listened to the relevant portions of the audio file, Counsel believes that the quotations in this Motion are accurate, but it is possible that there are errors. It is not believed that there are any substantive errors. The use of such a service, however, makes reference to page and line numbers impossible, as only an unparagraphed, unnumbered, and unpaginated transcription was provided.

THE WEISS LAW
GROUP, LLC
8843 GREENBELT RD. #299
GREENBELT, MD 20770
(301) 924–4400

– 5 –

so you can order a transcript. Mr. Johnson did a disservice to this client and has done, has created a situation which could not be remedied within the context of this case. And that I find and ascribe no fault to Mr. Weiss or his firm. I think he's done an excellent job to try and save this, but I think we are just past the point of saving in this particular case.

The Debtor asks this Court for the opportunity to obtain the reorganization that should have been accomplished in the within case. Because of the present posture of the case, these unusual circumstances warrant an unusual remedy, that is, the dismissal of the within case without prejudice, which would be followed immediately by the filing of a new case. Because of the short time between the filing of this Motion and the scheduled foreclosure, a Motion to Shorten Time has been or will be filed contemporaneously with the Motion so that the Court can rule on these matters quickly enough to avoid the foreclosure.[2]

### *Conclusion*

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Date: February 19, 2025                     Respectfully Submitted,

THE WEISS LAW GROUP, LLC

By: _____/s/ Brett Weiss_____
BRETT WEISS

### CERTIFICATE OF SERVICE

I hereby certify that on the 19th day of February, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the above pleading will be served electronically by the Court's CM/ECF system on the following:

- Kristen S. Eustis    Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov
- U. S. Trustee for Region Four    USTPRegion04.DC.ECF@USDOJ.GOV
- James Van Horn    jvanhorn@btlaw.com
- Lisa Wolgast    lisa.wolgast@btlaw.com, talia.wagner@btlaw.com

---

[2] Counsel anticipates filing a fee application shortly after the Court's ruling on this Motion. If the Motion is granted, it is requested that the case, although dismissed, remain open for the purpose of such a filing and the Court's ruling on it, without prejudice to the immediate filing of a new case.

      I hereby further certify that on the 19th day of February, 2025, a copy of the above pleading was also mailed first class mail, postage prepaid, to:

20 Largest Unsecured Creditors:

Bonifacio Rivera
13921 Westview Forest Dr
Bowie, MD 20720

Cesar Rodriguez
3735 Airdire Ct
Burtonsville, MD 20866

DC Office of Tax Revenue
1101 4th St SW #270
Washington, DC 20024

Dolores Rodriguez
960 Randolph St NW
Washington, DC 20011

Fanuel Roblero
3708 Cricket Ave
Dist. Heights, MD 20747

Fernando Martinez
1018 Chiswell Lane,
Silver Spring MD 20901

Georgina Lavanderos
1724 Ladd St
Silver Spring, MD 20902

Idalina Rodriguez
3735 Aidire Ct
Burtonsville, MD 20866

Internal Revenue Service
31 Hopkins Plaza
Baltimore, MD 21201

Julio Rodriguez
4701 Rollingdale Way
Cap. Heights, MD 20743

Maria Ochoa de Arias
13104 Holdridge Road
Silver Spring, MD 20906

Mohameed Rasheed
4708 Leighfield Valley Dr
Chantilly, VA 20151

Osmin Guardado
7102 Bridle Path Ln
Hyattsville, MD 20782

Paulo Deleon
3535 New Hampshire Ave NW
Washington, DC 20010

Rafael M. Rodriguez
3902 14th St NW #418
Washington, DC 20011

Rafael Rodriguez
418 Buchanan St NW
Washington, DC 20011

Rafaela Rodriguez
Ahmad Kalala
418 Buchanan St NW
Washington, DC 20011

Rocky Rosales
15571 Wheatfield Road
Woodbridge, VA 22193

Troun Dang
3557 Georgia Ave NW
Washington, DC 20010

            /s/ Brett Weiss
           BRETT WEISS