The order below is hereby signed.

Signed: April 30 2025



Elizabeth L. Gunn
U.S. Bankruptcy Judge

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF COLUMBIA**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| GA VIEWS MANAGEMENT, LLC, | ) Case No. 24-00339-ELG |
| | ) |
| Debtor. | ) |
| | ) |
| | ) |
| | ) |

## ORDER AUTHORIZING AND APPROVING FORBEARANCE AGREEMENT

GA Views Management, LLC ("Debtor") having filed its *Motion to Approve Compromise of Controversy Pursuant to Bankruptcy Rule 9019* (Doc. No. 94, the "Motion") for entry of an order approving a Forbearance Agreement dated March 4, 2025 (the "Forbearance Agreement") between Debtor, Hector Rodriguez ("Rodriguez"), Rafael Rodriguez, Jr. ("Rodriguez Jr."), Miriam Ochoa ("Ochoa" and together with Rodriguez and Rodriguez Jr., the "Guarantors"), and PV Georgia Views LLC ("Lender"); appropriate notice of the Motion and objection deadline having been given (Doc. No. 100); no objections having been filed prior to the objection deadline; Guarantors having consented to jurisdiction and venue of this Court for the purpose of approval and the enforcement of the Forbearance Agreement and entry and enforcement of this Order; it

1

appearing that approval of the Forbearance Agreement is fair and reasonable and in the best interest

of the Debtor, its creditors and its estate, and after due deliberation and consideration, good and

sufficient cause appearing, therefor,

**IT IS HEREBY ORDERED AS FOLLOWS:**

1.      The Motion is GRANTED.  The Forbearance Agreement attached hereto as **Exhibit**

**A** is APPROVED, and its terms are hereby incorporated herein as substantive provisions of this

Order and as an order of this Court, and are binding on all parties thereto; provided, however, that

in the event of a conflict between the terms of this Order and the Forbearance Agreement, the terms

of this Order shall govern.  Capitalized terms not defined herein shall have the meaning ascribed

in the Forbearance Agreement.

2.      Debtor is authorized to execute the Forbearance Agreement and to take any and all

steps necessary to implement the terms of the Forbearance Agreement.

3.      This case shall not be dismissed until the earlier of (i) payment in full of all amounts

owed to Lender under the Loan Documents, and (ii) consummation of a foreclosure sale of the

Property by Lender, i.e. recordation of a trustee's deed transferring title to the Property to the

purchaser at a foreclosure sale.

4.      If this case is dismissed other than following payment in full of all amounts owed

to Lender under the Loan Documents or consummation of a foreclosure sale of the Property by

Lender, the dismissal order shall contain a bar to refiling for 180 days.

5.      In the event that Debtor shall (a) file a new voluntary petition under the Bankruptcy

Code with the Bankruptcy Court or any other bankruptcy court or be the subject of any petition

under; (b) be the subject of any new order for relief under the Bankruptcy Code; (c) file or be the

subject of any new petition seeking any reorganization, arrangement, composition, readjustment,

liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (d) seek or consent or acquiesce in the appointment of any new trustee, receiver, conservator, liquidation or assignee for the benefit of creditors; (e) be the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a new petition filed against such party for any reorganization, arrangement, composition, readjustments, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency or relief for debtors, or (f) if any of the foregoing is filed concerning, relating to, or impacting the Property and/or any Collateral securing the Loan Documents:

    a.  Lender shall be entitled to and Debtor and Guarantors irrevocably consent to relief from any automatic stay imposed by Section 362 of the Bankruptcy Code, or otherwise, on or against the exercise of the rights and remedies otherwise available to Lender as provided in the Forbearance Agreement, the Loan Documents and/or applicable law, with respect to the Property and/or any other collateral securing the Loan Documents;

    b.  Debtor and Guarantors irrevocably waive any right to object to such relief and acknowledge that no reorganization in bankruptcy is feasible; and

    c.  Debtor and Guarantors waive any rights they may have pursuant to Section 108(b) of the Bankruptcy Code.

6.     This Order and the Forbearance Agreement are binding on any subsequently-appointed Chapter 11 or Chapter 7 trustee in Debtor's bankruptcy case and in any bankruptcy case that may be filed by or against the Debtor or the Guarantors.

7.     This Order is immediately effective upon entry.

8.      The Court shall retain jurisdiction over any matters relating to this Order and the

Forbearance Agreement.

Consented to by:                              Consented to by:

*/s/ Brett Weiss*                             */s/ James E. Van Horn*
Brett Weiss                                   James E. Van Horn
DC Bar No. A404420                            DC Bar No. 999859
The Weiss Law Group, LLC                      Barnes & Thornburg LLP
8843 Greenbelt Road, #299                     555 12th Street, NW, Suite 1200
Greenbelt, MD 20770                           Washington, DC 20004
lawyer@brettweiss.com                         jvanhorn@btlaw.com

Counsel for Debtor                            Lisa Wolgast (admitted pro hac )
                                              Barnes & Thornburg LLP
                                              3340 Peachtree Road NE, Suite 2900
                                              Atlanta, Georgia 30326
                                              lwolgast@btlaw.com
                                              Counsel for PV Georgia Views LLC


cc:

Brett Weiss                                   James E. Van Horn
The Weiss Law Group, LLC                      Barnes & Thornburg LLP
8843 Greenbelt Road, #299                     555 12th Street, NW, Suite 1200
Greenbelt, MD 20770                           Washington, DC 20004

Lisa Wolgast                                  Kristen S. Eustis
Barnes & Thornburg LLP                        Office of the United States Trustee
3340 Peachtree Road NE, Suite 2900            1725 Duke St., Suite 650
Atlanta, Georgia 30326                        Alexandria, Virginia 22314

(And the Matrix of Parties in Interest)


**(END OF ORDER)**

**<u>Exhibit A</u>**

# FORBEARANCE AGREEMENT

This **FORBEARANCE AGREEMENT** (this "Agreement") dated as of March 4, 2025 (the "Agreement Date") is by and among **GA VIEWS MANAGEMENT, LLC** ("Debtor"), **HECTOR RODRIGUEZ, RAFAEL RODRIGUEZ, JR.** and **MIRIAM OCHOA** (collectively, "Guarantors", together with Debtor, "Obligors") and **PV GEORGIA VIEW LLC** ("Lender", together with Obligors, the "Parties").

## WITNESSETH

**WHEREAS**, Debtor executed that certain Promissory Note dated February 19, 2020, in the original principal amount of $7,200,000.00 (as amended and/or modified, the "Note") payable to Lender, as successor in interest to Parkview Financial REIT, LP ("Original Lender");

**WHEREAS**, Debtor and Lender are parties to that certain Construction Loan Agreement dated February 19, 2020 (as amended and/or modified, the "Loan Agreement")

**WHEREAS**, Debtor executed in favor of Lender that Construction Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing dated February 19, 2020 executed by Debtor, recorded on February 28, 2020 as Instrument No. 2020028612 in the Official Records of the Washington D.C. Recorder of Deeds (as amended and/or modified, the "Deed of Trust") securing certain real property located at 3557-3559 Georgia Avenue, NW, Washington, DC 20010 (together with all property securing the indebtedness owed under the Note and Deed of Trust, the "Property");

**WHEREAS**, Guarantors executed in favor of Lender that certain Guaranty dated February 19, 2020 (the "Guaranty") and that certain Construction Completion Guaranty dated February 19, 2020 from Guarantors in favor of Lender (the "Completion Guaranty", together with the Guaranty, the "Guaranty Agreements");

**WHEREAS,** the Obligors and Lender entered into that certain Forbearance Agreement dated December 12, 2022 executed by Obligors and Lender, as amended by that certain Amended and Restated Forbearance Agreement dated June 10, 2023 (as amended and/or modified, the "Forbearance", together with the Note, the Loan Agreement, the Deed of Trust, the Guaranty, the Completion Guaranty, and all documents executed contemporaneously therewith and related thereto, together with all extensions, amendments and modifications thereof are collectively, the "Loan Documents");

**WHEREAS**, on October 9, 2024, Debtor filed a voluntary petition under Chapter 11 of the Bankruptcy Code, initiating Case No. 24-00339-ELG (the "Bankruptcy Case") in the United States Bankruptcy Court for the District of Columbia (the "Court");

**WHEREAS**, on February 13, 2025, the Court entered its *Order Confirming that the Automatic Stay has been Modified and Granting Related Relief* (Doc. No. 79);

**WHEREAS,** the Property is currently scheduled for a March 20, 2025 foreclosure sale;

1

**WHEREAS**, Obligors have requested that Lender forbear from the exercise of remedies under the Loan Documents and Lender is agreeable to do the same based on the terms and conditions contained herein;

**WHEREAS**, Obligors and Lender each acknowledge that the terms of this Agreement reflect Lender's forbearance and is not a novation or extinguishment of the Loan Documents, and, except as expressly modified herein, all terms, conditions, rights and obligations as set out in the Loan Documents are hereby reaffirmed and shall otherwise remain in full force and effect as originally written and agreed.

## AGREEMENT

For and in consideration of the mutual covenants and the fulfillment of the conditions set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the parties hereby agree as follows:

1.  **Recitals.** The foregoing recitals are confirmed by Lender and Obligors as true and correct and are incorporated herein by reference.  The recitals are a substantive, contractual part of this Agreement.

2.  **Definitions.** Capitalized terms appearing herein and not otherwise defined shall have the meanings ascribed to such terms in the Loan Documents, unless the context hereof shall otherwise require or provide.

3.  **Acknowledgment.**

(a)  Obligors acknowledge and agree that, as of February 11, 2025, the following amounts are due and owing to Lender by Obligors, jointly and severally, under the Loan Documents, not including Lender's attorneys' fees and expenses and foreclosure costs (the "Indebtedness"), with interest accruing after February 11, 2025 at the non-default *per diem* rate of $2,118.99 and at the default *per diem* rate of $1,438.89:

| | |
|---|---|
| Principal | $7,400,000.00 |
| Regular Interest | $853,952.15 |
| Default Interest | $618,722.22 |
| Total | $8,872,674.37 |

(b)  Debtor hereby reaffirms its obligations under the Note, Security Instrument and the other Loan Documents, as modified hereby.

(c)  Guarantors agree that they are obligated under the Guaranty Agreements and further acknowledge and agree that the obligations guaranteed under the Guaranty Agreements extends to and include the Indebtedness and all amounts owed under the Note and other Loan Documents.  Guarantors acknowledge and agree that the Guaranty Agreements shall remain in full force and effect until Lender receives all amounts owed under the Loan Documents.

2

4.      **Payment**.

(a)      On or before the Agreement Date and the first day of each month hereafter during the Forbearance Period, Debtor shall pay Lender the amount of $20,000.00, which may be applied by Lender to the Indebtedness as Lender determines in its sole and absolute discretion.

(b)      On or before 5:00 p.m. ET on May 31, 2025 or such other date as Lender may agree in writing (which is subject to Lender's sole and absolute discretion) (the "Payment Date"), Debtor shall pay Lender all amounts owed under the Loan Documents, including all principal, unpaid accrued interest (at the non-default and default rates), late fees, attorneys' fees and expenses, and foreclosure costs. Payments shall be made to Lender via wire transfer pursuant to wire instructions provided by Lender.

(c)      Provided there is no Event of Default (defined below) hereunder and subject to and contingent upon Lender's timely receipt of all amounts owed under the Loan Documents:

(i)      Lender will release any liens it has with respect to the Property and will execute documents releasing all liens it has with respect to the Property;

(ii)      Lender will cancel the foreclosure sale of the Property; and

(iii)      Lender will enter the Indebtedness as "Paid and Satisfied".

5.      **Property Taxes**. Debtor shall pay taxes owed with respect to the Property as and when due. Debtor shall provide Lender with evidence of payment of taxes within three (3) business days of payment. For the avoidance of doubt, on or before March 31, 2025, Debtor shall pay one-half of the ad valorem taxes owed with respect to the Property and shall provide Lender with evidence of payment of same within three (3) business days of payment.

6.      **Bankruptcy Court Approval, Dismissal of the Bankruptcy Case, and Effectiveness**.

(a)      Within three (3) business days of the Agreement Date, Debtor shall file with the Court a motion pursuant to Federal Rule of Bankruptcy Procedure 9019 requesting entry of an order approving this Agreement (the "9019 Order"), which shall be in form and substance acceptable to Lender. The 9019 Order shall (i) approve this Agreement; (ii) provide that the Bankruptcy Case shall not be dismissed until the earlier of (x) payment in full of all amounts owed to Lender under the Loan Documents, and (y) consummation of a foreclosure sale of the Property by Lender, i.e., recordation of a trustee's deed transferring title to the Property to the purchaser at a foreclosure sale of the Property; and (iii) provide that if for any reason the Bankruptcy Case is dismissed other than following payment in full of all amounts owed to Lender under the Loan Documents or consummation of a foreclosure sale of the Property by Lender, the dismissal order shall contain a bar to refiling for 180 days.

(b)      This Agreement shall not be effective unless and until the Court enters the

3

Approval Order and all Obligors execute and deliver this Agreement to counsel for Lender.

(c)     The "Effective Date" of this Agreement is the date that is one (1) business day after the 9019 Order becomes final and non-appealable.

(d)     Within three (3) business days of the Agreement Date, Debtor shall file a notice withdrawing Debtor's motion to dismiss (Doc. No. 81) without prejudice.  Obligors shall not seek dismissal of the Bankruptcy Case until the earlier of (x) payment in full of all amounts owed to Lender under the Loan Documents, and (y) consummation of a foreclosure sale of the Property by Lender, i.e., recordation of a trustee's deed transferring title to the Property to the purchaser at a foreclosure sale of the Property.

7.     **Waivers in Future Proceedings**.

(a)     In the event that Borrower shall (A) file a new voluntary petition under the Bankruptcy Code with the Bankruptcy Court or any other bankruptcy court or be the subject of any petition under; (B) be the subject of any new order for relief under the Bankruptcy Code; (C) file or be the subject of any new petition seeking any reorganization, arrangement, composition, readjustment, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency, or other relief for debtors; (D) seek or consent or acquiesce in the appointment of any new trustee, receiver, conservator, liquidation or assignee for the benefit of creditors; or (E) be the subject of any order, judgment, or decree entered by any court of competent jurisdiction approving a new petition filed against such party for any reorganization, arrangement, composition, readjustments, liquidation, dissolution, or similar relief under any present or future federal or state act or law relating to bankruptcy, insolvency or relief for debtors, or (F) if any of the foregoing is filed concerning, relating to, or impacting the Property and/or any Collateral securing the Loan Documents, Obligors acknowledge and agree that:

(i)     Lender shall be entitled to and Obligors irrevocably consent to the relief from any automatic stay imposed by Section 362 of the Bankruptcy Code, or otherwise, on or against the exercise of the rights and remedies otherwise available to Lender as provided in this Agreement, the Loan Documents and/or applicable law, with respect to the Property and/or any other collateral securing the Loan Documents;

(ii)     Obligors irrevocably waive any right to object to such relief and acknowledge that no reorganization in bankruptcy is feasible;

(iii)     Obligors waive any rights they may have pursuant to Section 108(b) of the Bankruptcy Code.

8.     **Reporting**.   Debtor shall provide to Lender all reporting as and when due under any cash collateral order entered now or in the future by the Court.

9.     **Forbearance**.  Unless the Forbearance Period is sooner terminated as provided in Section 9 below, Lender hereby agrees to forbear from the exercise of its remedies (the "Forbearance Period") beginning effective as of the Agreement Date through and including the

earlier of (i) Payment Date or (ii) the date on which the Forbearance Period is terminated pursuant to subsection (d) below (the "Forbearance Termination Date"), subject to the terms and conditions set forth herein; provided, however, nothing shall prevent or preclude Lender from issuing or recording notices of foreclosure or advertising a foreclosure sale for a sale to occur after May 31, 2025.

(a)    Forbearance Limited. Lender's forbearance shall be limited solely to the exercise of remedies as provided herein, and Lender shall not be deemed to have waived any remedies with respect to any breach, default or event of default now existing or occurring during the Forbearance Period, or any breach of this Agreement.

(b)    Notice Requirements Satisfied. Obligors acknowledge and agree that, upon the expiration or earlier termination of the Forbearance Period, Lender shall have the full right and power to exercise all remedies with respect to the Loan Documents, including without limitation, conducting a foreclosure sale of the Property.

(c)    Agreement in the Nature of Forbearance Only; Reservation of Rights. Obligors hereby acknowledge that Lender's obligations under this Agreement are in the nature of a conditional forbearance only, and that Lender has not made any agreement or commitment to modify or extend the Loan Documents except as set forth herein, and that, upon the termination of the Forbearance Period, Lender shall have the immediate right to exercise its remedies with respect to the Loan Documents. In accordance with the terms of this Agreement, Lender hereby reserves all rights and remedies available to it.

(d)    Termination of the Forbearance Period. The Forbearance Period shall end on the first to occur of the following (each an "Event of Default" hereunder):

(i)    Payment Default. Debtor fails to make any payment as and when due hereunder;

(ii)    Breach. Any Obligor breaches any of the conditions, covenants, agreements, terms, representations and/or warranties set forth in this Agreement;

(iii)    Proceeding by Obligors. Any Obligor initiates any judicial, administrative or arbitration proceeding against any of the Lender Released Parties (defined below);

(iv)    Cash Collateral Default. A Termination Event (as defined in the Cash Collateral Orders) occurs under any Cash Collateral Order entered in the Bankruptcy Case, on or after the Agreement Date; or

(v)    Default Under Loan Documents. If any default or Event of Default occurs under any of the Loan Documents, on or after the Agreement Date.

10.    **Remedies.** Upon termination of the Forbearance Period:

(a)    Lender's agreement to forbear shall terminate automatically without further act or action by Lender, all indebtedness owed by Obligors under the Loan Documents

5

shall be immediately due and payable, and Lender shall have the immediate right to exercise any and all rights and remedies under the Loan Documents, this Agreement and/or applicable law or in equity, including without limitation conducting a foreclosure sale of the Property on or after June 1, 2025;

(b)    Lender may take any steps in the Bankruptcy Case and/or any bankruptcy case filed by or against any Obligor to protect Lender's rights;

(c)    Lender shall be entitled to collect from Obligors all of Lender's reasonable expenses, costs and fees, including Lender's actual attorneys' fees with respect or related to the enforcement of this Agreement and/or the Loan Documents and collection of amounts owed thereunder; and

(d)    Lender may take any actions against Guarantors to collect amounts owed under the Guaranty and other Loan Documents

11.    **Representations and Warranties.**  In order to induce Lender to execute, deliver and perform this Agreement, each Obligor represents and warrants (with respect to itself only, as applicable) to Lender that:

(a)    this Agreement is not being made or entered into with the actual intent to hinder or defraud any entity or person;

(b)    each Guarantor is solvent and not the subject of any actual or threatened bankruptcy case;

(c)    the execution of this Agreement by such Obligor and the performance of such Obligor hereunder will not violate or result in a breach or constitute a default under any agreements to which such Obligor is a party;

(d)    no action or proceeding, including, without limitation, a voluntary or involuntary petition for bankruptcy under any chapter of the Federal Bankruptcy Code, has been instituted or threatened by or against any Guarantor;

(e)    subject to the Court's entry of the 9019 Order, the person signing this Agreement on behalf of Debtor has the full power and authority to execute and enter into this Agreement on behalf of Debtor and to bind Debtor to the promises, covenants, terms and conditions set forth herein, and that this Agreement, once executed and delivered and upon the occurrence of the Effective Date, will be a valid and binding obligation of Debtor enforceable in accordance with the Agreement's terms; and

(f)    each Obligor has received reasonably equivalent value in exchange for such Obligor's execution of this Agreement;

(g)    the undersigned representative of Debtor executing this Agreement and other documents to be signed by Debtor in connection herewith represents and warrants that, subject to entry of the Approval Order, such person has the power, authority and legal right to execute this Agreement and all documents to be executed in connection herewith

6

on Debtor's behalf and to bind Debtor to the promises, covenants, terms and conditions set forth herein and those set forth in all documents to be executed in connection with this Agreement.

12.    **Limitation on Agreements.**  The matters set forth herein are limited in scope as described herein and shall not be deemed (a) to be a consent under, or waiver of, any term or condition of the Loan Documents, or (b) to prejudice any right or rights which Lender now has or may have in the future under, or in connection with the Loan Documents, or any of the documents referred to herein or therein.

13.    **Governing Law.**  This Agreement shall in all respects be governed by and construed in accordance with the laws of the District of Columbia.

14.    **Headings.**  Section headings in this Agreement are included herein for convenience of reference only and shall not constitute a part of this Agreement for any other purpose.

15.    **Enforceability.**  Should any one or more of the provisions of this Agreement be determined to be illegal or unenforceable as to one or more of the parties hereto, all other provisions nevertheless shall remain effective and binding on the parties hereto.

16.    **No Novation.**  This Agreement is not intended to constitute a novation of the Loan Documents.  All of the indebtedness, liabilities and obligations owing by Obligors under the Loan Documents shall continue.

(a)    **Strict Compliance.**  Any future waiver, alteration, amendment or modification of any of the provisions of the Loan Documents, this Agreement or any document executed in connection herewith shall not be valid or enforceable unless in writing and signed by all parties, it being expressly agreed that neither the Loan Documents, nor this Agreement or any document executed in connection herewith can be modified orally, by course of dealing or by implied agreement.  Moreover, any delay by Lender in enforcing its rights after an event of default arising after the Agreement Date shall not be a release or waiver of the event of default and shall not be relied upon by any Obligor as a release or waiver of the default.

17.    **Successors and Assigns.**  This Agreement shall be binding upon and inure to the benefit of Obligors, Lender, and each of their respective successors, assigns and legal representatives; provided, however that Obligors may not, without the prior consent of Lender, assign any rights, powers, duties or obligations hereunder.  Lender, may sell, transfer, or assign any of its rights hereunder or under any of the Loan Documents at any time without notice to or consent of Obligors.

18.    **Joint Drafting.**  The terms and conditions set forth in this Agreement are the product of joint draftsmanship by all Parties, each being represented by counsel, and any ambiguities in this Agreement or any documentation prepared pursuant to or in connection with this Agreement shall not be construed against any of the Parties because of draftsmanship.

19.    **No Promise.** Except as specifically provided herein, Lender has not committed, and is not committing at this time, to extend, modify or otherwise restructure the Loan, or forbear

7

from exercising any of its rights or remedies under the Loan Documents.  No prior course of dealing, no usage of trade, and no oral statements or comments by Lender or its servicer(s), officers, employees, attorneys, or other agents will be deemed to be a commitment by Lender to extend, modify or otherwise restructure the Loan or forbear from exercising any of its rights or remedies, except as expressly set forth herein, or unless the same shall be reduced in writing and signed by an authorized representative of Lender.

20. **Counterparts.**  This Agreement may be executed in one or more counterparts, each of which shall be deemed an original (including electronic copies) but all of which together shall constitute one and the same instrument.  Facsimile or other electronic signatures hereto, including PDF of DocuSign, shall be effective as manually executed originals.

21. **Obligors' Waiver and Release.**  Obligors warrant and represent to Lender that the loans evidenced by the Loan Documents are not subject to any credits, charges, claims, or rights of offset or deduction of any kind or character whatsoever and, as a material part of the consideration for Lender entering into this Agreement, each Obligor agrees as follows (the "Obligor Release Provision"):

(a)    EACH OBLIGOR HEREBY RELEASES AND FOREVER DISCHARGES LENDER, PARKVIEW FINANCIAL REIT, LP, AND THEIR PREDECESSORS, SUCCESSORS, ASSIGNS, OFFICERS, MANAGERS, DIRECTORS, MEMBERS, SHAREHOLDERS, EMPLOYEES, AGENTS, ATTORNEYS, REPRESENTATIVES, PARENT CORPORATIONS, SUBSIDIARIES, AND AFFILIATES (HEREINAFTER ALL OF THE ABOVE COLLECTIVELY REFERRED TO AS "RELEASED PARTIES") JOINTLY AND SEVERALLY FROM ANY AND ALL CLAIMS, COUNTERCLAIMS, DEMANDS, DAMAGES, DEBTS, AGREEMENTS, COVENANTS, SUITS, CONTRACTS, OBLIGATIONS, LIABILITIES, ACCOUNTS, OFFSETS, RIGHTS, ACTIONS, AND CAUSES OF ACTION OF ANY NATURE WHATSOEVER OCCURRING PRIOR TO THE DATE HEREOF, INCLUDING, WITHOUT LIMITATION, ALL CLAIMS, DEMANDS, AND CAUSES OF ACTION FOR CONTRIBUTION AND INDEMNITY, WHETHER ARISING AT LAW OR IN EQUITY, PRESENTLY POSSESSED, WHETHER KNOWN OR UNKNOWN, WHETHER LIABILITY BE DIRECT OR INDIRECT, LIQUIDATED OR UNLIQUIDATED, PRESENTLY ACCRUED, WHETHER ABSOLUTE OR CONTINGENT, FORESEEN OR UNFORESEEN, AND WHETHER OR NOT HERETOFORE ASSERTED ("CLAIMS"), WHICH EACH OBLIGOR MAY HAVE OR CLAIM TO HAVE AGAINST ANY RELEASED PARTIES.

(b)    Each Obligor agrees not to sue any Released Parties or in any way assist any other Person in suing any Released Parties with respect to any Claim released herein. The Obligor Release Provision may be pleaded as a full and complete defense to, and may be used as the basis for an injunction against, any action, suit, or other proceeding that may be instituted, prosecuted, or attempted in breach of the release contained herein.

(c)    Each Obligor acknowledges, warrants, and represents to Released Parties that:

(i)      Each Obligor has read and understands the effect of the Obligor Release Provision.   Each Obligor has had the assistance of independent counsel of its own choice, or has had the opportunity to retain such independent counsel, in reviewing, discussing, and considering all the terms of the Obligor Release Provision, and if counsel was retained, counsel for each Obligor has read and considered the Obligor Release Provision and advised each Obligor to execute the same.   Before execution of this Agreement, each Obligor has had adequate opportunity to make whatever investigation or inquiry it may deem necessary or desirable in connection with the subject matter of the Obligor Release Provision.

(ii)      Each Obligor is not acting in reliance on any representation, understanding, or agreement not expressly set forth herein.   Each Obligor acknowledges that the Released Parties have not made any representation with respect to the Obligor Release Provision except as expressly set forth herein.

(iii)      Each Obligor has executed this Agreement and the Obligor Release Provision thereof as its free and voluntary act, without any duress, coercion, or undue influence exerted by or on behalf of any Person.

(iv)      Obligors are the sole owner of the Claims released by the Obligor Release Provision, and Obligors have not heretofore conveyed or assigned any interest in any such Claims to any other Person.

(d)      Each Obligor understands that the Obligor Release Provision was a material consideration in the agreement of Lender and Obligors to enter into this Agreement.

(e)      It is the express intent of each Obligor that the release and discharge set forth in the Obligor Release Provision be construed as broadly as possible in favor of the Released Parties so as to foreclose forever the assertion by any Obligor of any Claims released hereby against Released Parties.

(f)      If any term, provision, covenant, or condition of the Obligor Release Provision is held by a court of competent jurisdiction to be invalid, illegal, or unenforceable, the remainder of the provisions shall remain in full force and effect.

(g)      Each Obligor does hereby assume the above mentioned risks and agree that this Agreement shall apply to all unknown or unanticipated results of the transactions and occurrences described above, as well as those known and anticipated, and upon advice of counsel, each Obligor does hereby knowingly waive any and all rights and protections under California Civil Code Section 1542, which section has been duly explained and read as follows: "A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor."

_____ (Initials)          _____ (Initials)          _____ (Initials)          _____ (Initials)
GA Views Management, LLC    Hector Rodriguez      Rafael Rodriguez, Jr.      Miriam Ochoa

9

22.     Intentionally omitted.

23.     **WAIVER OF JURY TRIAL**. TO THE FULLEST EXTENT PERMITTED BY APPLICABLE LAW, EACH OBLIGOR HEREBY IRREVOCABLY AND EXPRESSLY WAIVES ALL RIGHT TO A TRIAL BY JURY IN ANY ACTION, PROCEEDING, OR COUNTERCLAIM (WHETHER BASED UPON CONTRACT, TORT, OR OTHERWISE) ARISING OUT OF OR RELATING TO THIS AGREEMENT, ADMINISTRATION, OR ENFORCEMENT HEREOF OR THEREOF. THIS PROVISION IS A MATERIAL INDUCEMENT FOR LENDER TO ENTER INTO THIS AGREEMENT. OBLIGORS AGREE THAT NO REPRESENTATIVE OR AGENT OF LENDER, NOR LENDER COUNSEL, HAS REPRESENTED, EXPRESSLY OR OTHERWISE, THAT LENDER WOULD NOT SEEK TO ENFORCE THIS WAIVER OR RIGHT TO JURY TRIAL PROVISION IN THE EVENT OF LITIGATION. NO REPRESENTATIVE OR AGENT OF LENDERS, NOR LENDER'S COUNSEL, HAS THE AUTHORITY TO WAIVE, CONDITION OR MODIFY THIS PROVISION.

24.     **ENTIRE AGREEMENT.** **THIS AGREEMENT, TOGETHER WITH THE LOAN DOCUMENTS, REPRESENTS THE FINAL AGREEMENT AMONG THE PARTIES AND MAY NOT BE CONTRADICTED BY EVIDENCE OF PRIOR, CONTEMPORANEOUS, OR SUBSEQUENT ORAL AGREEMENTS OF THE PARTIES. THERE ARE NO UNWRITTEN ORAL AGREEMENTS AMONG THE PARTIES.**

*[Remainder of page intentionally left blank. Signature pages follow.]*

IN WITNESS WHEREOF, parties have caused this Agreement to be executed as of the day and year first above written.

**OBLIGORS:**

**GA VIEWS MANAGEMENT, LLC,**
a Delaware limited liability company

By:_____
Hector Rodriguez, Managing Partner

_____
**HECTOR RODRIGUEZ,** Individually

_____
**RAFAEL RODRIGUEZ,** Individually

_____
**MIRIAM OCHOA,** Individually

**LENDER:**

**PV GEORGIA VIEWS LLC**, a Delaware limited liability company
By:_____
Paul Rahimian, Manager

*[Signature Page to Forbearance Agreement]*

11

IN WITNESS WHEREOF, parties have caused this Agreement to be executed as of the day and year first above written.

**OBLIGORS:**

**GA VIEWS MANAGEMENT, LLC,**
a Delaware limited liability company

By:_____
Hector Rodriguez, Managing Partner


_____
**HECTOR RODRIGUEZ,** Individually


_____
**RAFAEL RODRIGUEZ,** Individually


_____
**MIRIAM OCHOA,** Individually


**LENDER:**

**PV GEORGIA VIEWS LLC,** a Delaware limited
liability company
By:_____
Paul Rahmian, Manager

*[Signature Page to Forbearance Agreement]*