**THE WEISS LAW GROUP, LLC**
Brett Weiss (A404420)
8843 Greenbelt Road, Box 299
Greenbelt, Maryland 20770
Phone (301) 924-4400
Fax (240) 627-4186
lawyer@brettweiss.com

*Attorney for the Debtor and the Debtor-in-Possession*

### IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| In re:<br><br>**GA VIEWS MANAGEMENT, LLC,**<br><br>*Debtor.* | Case No. 24-00339 ELG<br><br>Chapter 11 |
| **DEBTOR'S CONSENT MOTION TO DISMISS CASE** ||

**NOW COMES** Debtor, by and through above stated counsel, and hereby submits this consent motion to dismiss the within case. In support of this Motion, the Debtor respectfully states as follows:

*Jurisdiction and Venue*

1. This Court has jurisdiction over this Chapter 11 Case and this Motion pursuant to 28 U.S.C. §§ 157 and 1334. Pursuant to 28 U.S.C. § 157(b)(2), this is a core proceeding. Venue is proper in this District pursuant to 28 U.S.C. § 1409 because the underlying bankruptcy case is pending in this court. To the extent this Court may lack the authority to enter a final judgment in this matter pursuant to the holdings in *Stern v. Marshall*, 564 U.S. 462, 131 S.Ct. 2594 (2011) and *Wellness International Network, Ltd. v. Sharif,* 575 U.S. 665, 135 S. Ct. 1932 (2015), and pursuant to Rule 7008(a), the Debtor consents to this Court's entry of a final judgment.

2. The statutory and legal predicates for the relief requested herein are sections 349 and 1112(b) of Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") and Bankruptcy Rule 1017.

### *Parties*

3. GA Views Management, LLC ("GA Views" or the "Debtor") is the debtor and debtor-in-possession herein.

4. Kristen Eustis is the United States Trustee trial attorney in this case.

5. PV Georgia Views, LLC ("PV") is a secured creditor.

### *Background*

6. On the Petition Date, October 9, 2024, GA Views filed a voluntary case under the Single Asset Real Estate provisions of Chapter 11 of the Bankruptcy Code. No unsecured creditors' committee, trustee, or examiner has been appointed.

7. The Debtor's primary pre-petition asset was improved commercial real property known as 3557-3559 Georgia Avenue, NW, Washington, D.C. 20010 (the "Property"). The Debtor had operational income after the case was filed, as reflected on the MORs.

8. The primary creditor in this case is PV, which held a lien on the Property, and purchased the Property at its foreclosure auction on June 5, 2025. A brief history of how PV was able to proceed with the auction is helpful.

9. Prior counsel and counsel for PV had agreed to a First Interim Cash Collateral Order (the "CC Order"), filed on November 14, 2024, at Docket No. 23.

10. On November 25, 2024, PV sent a Notice of Default under the CC Order to prior counsel giving the Debtor an opportunity to cure the default. The requested compliance was not forthcoming, no response was filed to the Notice, and, on December 2, 2024, the CC Order provided that the stay was terminated as to PV.

11. PV filed for a Comfort Order finding that the stay had been terminated on December 4, 2024, at Docket No. 30. After several hearings were held and continued, the Court entered the Comfort Order on February 13, 2025, at Docket No. 79. PV then sought to foreclose upon the Property, and scheduled a foreclosure for March 25, 2025.

12. Discussions between counsel resulted in a Forbearance Agreement, approved by the Court at Docket No. 104 on April 30, 2025 (the "Forbearance"). PV and the Debtor agreed that it could have until May 31, 2025, to satisfy the debt of PV through refinance or sale, or the Property would be sold at foreclosure auction on June 5, 2025. The Forbearance also provided that, in the event of a foreclosure, the cash collateral of the Debtor would be turned over to PV.

13. The Debtor was unable to obtain a refinance payment acceptable to PV, and, as noted, the Property was sold at auction to PV on June 5, 2025. The Debtor has not received a copy of the Report of Sale, but it is believed that the Property was "bid in" by PV for a sum significantly less than its claimed balance.

14. On June 9, 2025, pursuant to the Forbearance, Debtor wire transferred to PV the total of all funds in the Debtor-in-Possession account, which included tenant deposits, in the total amount of $107,336.00.

## *Discussion*

15. Under the Code, there are three ways to end a Chapter 11 case: confirmation of a reorganization plan, conversion to a Chapter 7 liquidation, or dismissal. 11 U.S.C. § 1112. The Code contemplates that dismissal will return the parties to their pre-bankruptcy positions, except to the extent the Bankruptcy Court orders otherwise.

11 U.S.C. § 1112(b)(1) states in pertinent part:

> Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause, unless the court determines that the appointment under section 1104(a) of a trustee or examiner is in the best interests of creditors and the estate.

The circumstances referenced in § 1112(b)(2) are not present. The Debtor is not a farmer, or a corporation that is not a moneyed, business, or commercial corporation, rendering § 1112(c) inapplicable.

Dismissal is in the best interests of the creditors and the estate because the Debtor's Property has been foreclosed upon, the funds in the Debtor-in-Possession account have been turned over to PV, and there is nothing left to administer or reorganize. Continuing this case will offer no benefit to the Debtor or to its creditors.

Both the United States Trustee and counsel for PV have consented to the relief requested herein.

## *Conclusion*

**WHEREFORE,** the Debtor respectfully requests that the Court enter an order granting the relief requested herein and such other and further relief as is just and proper.

Date: June 19, 2025                                         Respectfully Submitted,

THE WEISS LAW GROUP, LLC

By:  _____/s/ Brett Weiss_____
   BRETT WEISS

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 19th day of June, 2025, I reviewed the Court's CM/ECF system and it reports that an electronic copy of the above pleading will be served electronically by the Court's CM/ECF system on the following:

- Kristen S. Eustis     Kristen.S.Eustis@usdoj.gov, Robert.W.Ours@usdoj.gov
- U. S. Trustee for Region Four     USTPRegion04.DC.ECF@USDOJ.GOV
- James Van Horn     jvanhorn@btlaw.com
- Lisa Wolgast     lisa.wolgast@btlaw.com, talia.wagner@btlaw.com

I hereby further certify that on the 19th day of June, 2025, a copy of the above pleading was also mailed first class mail, postage prepaid, to:

20 Largest Unsecured Creditors:

Bonifacio Rivera
13921 Westview Forest Dr
Bowie, MD 20720

DC Office of Tax Revenue
1101 4th St SW #270
Washington, DC 20024

Fanuel Roblero
3708 Cricket Ave
Dist. Heights, MD 20747

Cesar Rodriguez
3735 Airdire Ct
Burtonsville, MD 20866

Dolores Rodriguez
960 Randolph St NW
Washington, DC 20011

Fernando Martinez
1018 Chiswell Lane,

Silver Spring MD 20901

Georgina Lavanderos
1724 Ladd St
Silver Spring, MD 20902

Idalina Rodriguez
3735 Aidire Ct
Burtonsville, MD 20866

Internal Revenue Service
31 Hopkins Plaza
Baltimore, MD 21201

Julio Rodriguez
4701 Rollingdale Way
Cap. Heights, MD 20743

Maria Ochoa de Arias
13104 Holdridge Road

Silver Spring, MD 20906

Mohameed Rasheed
4708 Leighfield Valley Dr
Chantilly, VA 20151

Osmin Guardado
7102 Bridle Path Ln
Hyattsville, MD 20782

Paulo Deleon
3535 New Hamp. Ave NW
Washington, DC 20010

Rafael M. Rodriguez
3902 14th St NW #418
Washington, DC 20011

Rafael Rodriguez

418 Buchanan St NW
Washington, DC 20011

Rafaela Rodriguez
Ahmad Kalala
418 Buchanan St NW
Washington, DC 20011

Rocky Rosales
15571 Wheatfield Road
Woodbridge, VA 22193

Troun Dang
3557 Georgia Ave NW
Washington, DC 20010

      /s/ Brett Weiss
BRETT WEISS

THE WEISS LAW
GROUP, LLC
8843 GREENBELT RD. #299
GREENBELT, MD 20770
(301) 924–4400